142 So. 583

### GROOMS v. KNOX.

8 Div. 362.

Supreme Court of Alabama.

Jan. 28, 1932.

Rehearing Denied June 16, 1932.

R. B. Patton, of Athens, for petitioner.

Fred Wall, of Athens, for respondent.

FOSTER, J.

■ The contract in this case, which it is claimed was a wager and void, was entered into on September 14, 1929. By it appellant "guarantees" to appellee in effect that the entire crop of cotton of appellee that year would yield twenty bales. Appellee had a crop of cotton, which we judicially know was then maturing and in process of "opening," and that, regardless of what was then its appearance and prospects, it was subject to weather and other conditions which could depreciate the amount of the yield. Appellee therefore sustained a risk of loss in respect to such yield.

■ Insurance against fire or other hazards is not a wager, when the insured owns an insurable interest which is subject to risk of such hazard, but, when he owns no such insurable interest a contract in form of insurance otherwise perfect is a wager and is void on that account.

Undoubtedly, if appellee had not owned a crop of cotton, and if the parties merely undertook to bet on his judgment in such manner, the contract would not be enforced. In the case of Elliot v. Hayes, 8 Gray (Mass.) 164, the subject is stated in the headnote (supported by the opinion) as follows: "A guaranty that the owner of stock in a corporation shall receive dividends thereon of a specified amount for a certain number of years, he paying to the contractor all he receives above that amount, is valid." It is further said: "If the contract, in the present case, had been put into the form of a policy of insurance, it is certain that it would not have been a wager policy." In 5 Elliott on Contracts, § 4028, it is said that: "Almost any contingent or unknown event, however, whether past or future, which may damnify a person having an insurable interest, or create a liability against him may be insured against. Whatever has an appreciable pecuniary value and is subject to loss or deterioration or of which one may be deprived or that he may fail to realize, whereby his pecuniary interest is or may be prejudiced, may properly constitute the subject-matter of insurance." Young v. Stephenson, 82 Okl. 239, 200 P. 225, 24 A. L. R. 978. In State v. Hogan, 8 N. D. 301, 78 N. W. 1051, 1052, 45 L. R. A. 166, 73 Am. St. Rep. 759, there was involved the validity of a contract whose effect was held to be to guarantee or assure that a farmer's crop of oats would yield to him $5 per acre. The court said: "But we have real-estate title guaranty insurance; and, while perhaps this is the first instance where an attempt has been made to guaranty a realty revenue, yet as the revenue arising from that class of realty here involved, i. e. farming lands, is affected by so many contingencies, such as winds, hail, frost, drought, ravages of insects, etc.,—contingencies which, while not likely to happen, yet such as may occur, —it would seem that inherently it would be a proper subject for insurance, perhaps even an inviting field."

In Kitchen v. Loudenback, 48 Ohio St. 177, 26 N. E. 979, 980, 29 Am. St. Rep. 540, a wager is defined "as a contract in which the parties stipulate that they shall gain or lose upon the happening of an uncertain event in which they have no interest, except that arising from the possibility of such gain or loss."

In 3 Williston on Contracts, § 1665, the subject is treated as follows: "Every aleatory promise where the happening of the chance upon which performance of the promise depends, involves no service by or disadvantage to the promisee for which performance of the promise may be regarded as a compensation or an indemnity is open to the same objection." But not so if "the happening of the condition on which performance depends is injurious to the promisee and performance of the promise is in the nature of compensation for the injury. But if the insured has not what is called insurable interest the agreement is invalid."

■ That the consideration to the promisor is dependent upon the outcome of the uncertain event, or that the form of contract is not that in which insurance is ordinarily expressed, do not control its interpretation as a wager or an insurance contract. Elliot v. Hayes, supra; Dowell v. Pumphrey, 197 Ky. 59, 246 S. W. 157, 30 A. L. R. 822.

■ The definition of a wager set up in the quotations in the opinion of the Court of Appeals is doubtless used in some of the authorities where the question is not dependent upon whether it is intended to protect the promisee from loss on account of such event in respect to a subject-matter owned by such promisee which is subject to loss or deterioration which may result. An absence of ownership of such property or an insurable interest therein which may be affected in value by such contingency is a distinguishing quality of a wager, when the contingency relates to its effect upon the value of such property. For in this case, if appellee had no such cotton crop, whose yield may be affected by any uncertain contingency, the contract in question would be a wager.

We think the opinion of the Court of Appeals failed to note the distinction which we have stated, and which should be controlling in this case. We cannot therefore agree with that court that the contract was void, though, of course, it would be so if it were properly interpreted as a wager.

The writ is therefore issued, and the judgment of the Court of Appeals is reversed, and the cause remanded to that court for further disposition.

Writ awarded. Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, BROWN, and KNIGHT, JJ., concur.

BOULDIN, J. (dissenting).

I fear we are invading the exclusive province of the Court of Appeals to find the facts and the inferences of fact from the record before them and not before us.

Granting that such a contract may be in the nature of insurance upon an ungathered crop, insurance against seasonal hazards, such consideration is not expressed on the face of this paper. The real consideration may always be inquired into as a question of fact.

Under the finding of the Court of Appeals it was no more than a wager as to the size or quantum of a cotton crop. The case thus found is the same as if an argument touching the weight of a bale of cotton resulted in a contract by which one party guaranteed to the owner a weight of five hundred pounds, in consideration that the owner give him the value of the overweight, if any.

Clearly this is nothing but a wager, the stake of the one being the value of the underweight, and of the other the value of the overweight, as the one or the other should prove the better guesser.

Our private notion that he who enters into a contract should live up to it is beside the mark. The law regards such transactions, bottomed on the lure of getting something for nothing, as fraught with such evils that, as matter of public policy, it is no lawful contract, and is unenforceable.

Hence, I am impelled to dissent.